DONALD BICKNELL, Plaintiff, *v.* CENTRAL HANOVER BANK AND TRUST COMPANY, Defendant.

Supreme Court, Special Term, New York County, July 13, 1938.

*Milbank, Tweed & Hope,* for the plaintiff.

*Larkin, Rathbone & Perry,* for the defendant.

STEUER, J. The two motions determined here are respectively by the plaintiff for summary judgment and by the defendant for a dismissal of the complaint. The action is brought by the receiver of the Bank of Saginaw, a Michigan bank, to collect an assessment upon some ninety-six shares of stock held by the defendant as trustee. The assessment was levied pursuant to statutory

authority. The defendant pleads the Statute of Limitations, and it is conceded that the applicable law is the three-year statute (Civ. Prac. Act, § 49). (*Wright* v. *Russell*, 155 Misc. 877.)

It appears without contradiction that the bank ceased operations February 11, 1933, by virtue of a general banking holiday in the State of Michigan. Thereafter, on March 28, 1933, a conservator was appointed for the bank. On August 31, 1933, the Commissioner of the State Banking Department, with the approval of the Governor, ordered an assessment to be levied on stockholders of the bank in accordance with the statutes of the State. This order was directed to the conservator and directed payment of the assessment to the bank or the conservator. On October 31, 1933, the conservator was replaced by a receiver. On September 5, 1934, the State Banking Commissioner, also with the approval of the Governor, made an order to enforce the liability of the stockholders. If this action is predicated on the first order of assessment, it is barred by the Statute of Limitations. If it is predicated on the second it is not barred and no other defense is interposed.

The relevant statute of the State of Michigan is act No. 32 of the Public Acts of Michigan for 1933, as subsequently amended. Sections (5) and (6) thereof are applicable to this controversy. Section (5) deals with the appointment of a conservator whose duties are to conserve the assets of the bank for the purpose of rehabilitation, and he is given powers designed to effectuate that purpose. Section (6) deals with the liquidation of the bank and provides for the appointment of a receiver, who is likewise given powers consonant with the purpose of his appointment. Both sections provide for the levy of an assessment upon stockholders.

It is the contention of the plaintiff that the order of August 31, 1933, was made in the course of the conservation proceedings; that those proceedings terminated with the substitution of a receiver for the conservator, and that thereupon the order was vacated and became a nullity. The plaintiff claims that it follows that the cause of action asserted here arose only upon the execution of the second order. No claim is made that the receiver and the conservator are separate persons, it being the contention that the cause of action belongs to the bank rather than any designated officer acting for it. The question has never been passed upon by the courts of this State or of Michigan, nor as far as is known by those of any other jurisdiction.

There is no express revocation or cancellation of the 1933 order. If any exists it must be found by operation of law. It appears to be a policy of the law of Michigan that an assessment is for the benefit of creditors and there is no right in any one to waive or

release it without the creditors' consent. (*Matter of Burger*, 276 Mich. 485, 501; 267 N. W. 887.) While the processes of reorganization and liquidation may be quite distinct, the assessment was a step common to both. Apparently the Banking Commissioner first determined to rehabilitate the affairs of the bank but later found it more feasible to liquidate. Under both proceedings he determined that the necessity for an assessment existed. The assessment is the same whether made under either procedure. The right to demand payment came into existence with the making of the first order. Nothing in the statutes or the cited decisions indicates that the right to collect under that assessment was in any way impaired by the succeeding order or proceedings. Under these circumstances, the cause of action matured in August, 1933, and is now barred.

Plaintiff's motion is denied; defendant's motion is granted, and the clerk is directed to enter judgment accordingly.