## JAMES v. PENNSYLVANIA R. CO.
### Civ. A. No. 8202.

United States District Court
W. D. Pennsylvania.
Nov. 29, 1951.

John E. Evans, Jr., Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Bruce R. Martin (Dalzell, McFall, Pringle & Bredin), Pittsburgh, Pa., for defendant.

BURNS, District Judge.

After a somewhat extended trial, the jury in the instant case returned a verdict which reads as follows: "And now, to wit: Feb. 28, 1951, we, the Jurors empaneled in the above-entitled case, find (1) the Pennsylvania Railroad Company guilty of negligence. (2) Silicosis contracted prior to 1946 and aggravated by subsequent employment with the Pennsylvania Railroad Co. (3) Plaintiff awarded thirty three thousand dollars."

242

The motion before this Court for judgment or a new trial primarily raises the question whether plaintiff is barred from recovery because of the three-year statute of limitations provision in the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. This contention, of course, invites application of the opinion of the Supreme Court of the United States in Urie v. Thompson, 1949, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282, which discusses when a cause of action accrues in silicosis cases. In Urie v. Thompson, supra, 337 U.S. at page 170, 69 S.Ct. at page 1024, in view of the humane legislative plan of the statute, the Supreme Court held that the statute of limitations does not begin to run so long as the afflicted individual remains blamelessly ignorant of his silicotic condition. Defendant here has pointed to nothing in the record which would indicate that plaintiff even knew of the silicosis hazard prior to October of 1946, much less that he knew he had himself contracted that disease. Any and all testimony about sinusitis and gastritis ailments of plaintiff is immaterial to the issue whether plaintiff knew he had silicosis prior to October of 1946, in the absence of any showing that there is a connection between silicosis and those other diseases. In fact, the testimony affirmatively discloses that men who worked with plaintiff, such as the boiler foreman and gang leader, were likewise not aware of the danger of silicosis, and that acquaintances of plaintiff first noticed the deterioration of his physical condition in 1947 or 1948.

■ Consequently, I believe I correctly denied the first point of defendant for charge, in that there was no evidence from which the jury could find knowledge of plaintiff prior to October of 1946. It is noted that, although the burden of proving the defense of the statute of limitations lay with defendant, no such testimony was adduced, perhaps because, under its theory of the facts, defendant vigorously sought to prove that plaintiff was not afflicted with silicosis; and further it might be recalled that defendant expressed no objection to the supplementary charge of the Court that October 17, 1946, was the date which the jury was to use in determining whether plaintiff "contracted [silicosis] newly or whether from then on he aggravated a disease which had been incipient or quiet or dormant in him." Read in the light of this final instruction, the jury's second finding obviously included the determination that the silicotic condition was dormant prior to 1946 and first recognized at some time thereafter, when continued employment in abrasive work—which fact defendant unsuccessfully contested—permitted further inroads by the disease upon plaintiff. Whatever uncertainties might have been induced by earlier portions of the charge seem to me to be resolved by this final instruction and the special finding of the jury.

■ I perceive no error in refusing to charge that it was negligence for plaintiff to engage in sandblasting after receiving medical advice not to do so. Apart from the fact that the charge contained instructions concerning contributory negligence, which portion of the charge seems to me adequate, it should further be noted that the medical advice was based upon a diagnosis of sinusitis. The disease on account of which plaintiff here seeks recovery was silicosis, as to which the doctors did not purport to counsel plaintiff. Disobedience of their recommendations would not create in the mind of a reasonably prudent man the risk of contracting silicosis. See Restatement of Torts, 1934 Ed., § 468, Comment a.

■■ Defendant also seeks a new trial because plaintiff was permitted to state that a certain doctor was unable to diagnose plaintiff's condition, and because the Court, at another point, speculated as to the origin of a written statement. I believe the evidence as to the doctor's diagnosis was admissible for the limited purpose for which it was offered; and I deem it obvious that the written statement was not in the witness' own language. If I assume *arguendo* that there was error, however, such error was hardly prejudicial. Read in context, it will be readily seen that both incidents were distinctly minor in character. In both instances there was a colloquy concerning the manner of admitting testimony. It

may be doubted whether it was even necessary for this Court to invoke the unusual step of cautioning the jury, early in the charge, that the jury was to disregard any remarks from the bench as to the value of evidence proferred. Neither incident can be said to affect vitally the specific jury finding, supported by adequate testimony, that defendant had been guilty of negligence. I am satisfied that this jury, which made the specific findings of its own volition, was not led astray by one or two chance remarks in a relatively long trial.