Stanford JAMES, Appellee, v. PENNSYL-
VANIA RAILROAD COMPANY,
Appellant.

No. 10679.

United States Court of Appeals
Third Circuit.

Argued May 22, 1952.

Decided June 4, 1952.

Bruce R. Martin, Dalzell, Pringle, Bredin & Martin, on the brief, Pittsburgh, Pa., for appellant.

John E. Evans, Jr., Pittsburgh, Pa. (Evans, Ivory & Evans, Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

The primary question here was—When should appellee have known that he had the silicosis condition from which he claimed to be suffering at the time of the trial? This was properly submitted to the jury by the district judge under the doctrine of Urie v. Thompson, 337 U.S. 163, 170, 69 S.Ct. 1018, 93 L.Ed. 1282.

Any inference unfavorable to appellant that might have been drawn from the trial court's comment with reference to a statement taken by appellant's claim department and used in cross-examination of an appellee witness was, we think, eliminated by the court's specific direction to the jury to disregard such comment. In any event there is no substantial error arising out of the incident.

We have examined all of appellant's remaining points and we find them without merit.

We note with strong disapproval that appellant's attorney not only failed to appear at the oral argument but failed to notify the court that he would not be present or to offer any excuse for his conduct.

The judgment of the district court will be affirmed. 101 F.Supp. 241.

Martin ACCARDO, Appellant, v. UNITED
STATES of America, Appellee.

No. 14004.

United States Court of Appeals
Fifth Circuit.

June 12, 1952.

Dan Chappell, Leonard R. McMillen, Miami, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., Tampa, Fla., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

PER CURIAM.

The facts of this case bring it within the ruling of this court in Poretto v. United States, 5 Cir., 196 F.2d 392 and Marcello v. United States, 5 Cir., 196 F.2d 437, and require that the judgment of the trial court be reversed and that judgment be here rendered, discharging the defendant.

Judgment reversed and rendered.

STRUM, Circuit Judge, dissents.