### NATIONAL COMICS PUBLICATIONS, Inc.
### v. FAWCETT PUBLICATIONS, Inc.
#### Docket 21832.

United States Court of Appeals
Second Circuit.

Filed June 10, 1952.

Decided Sept. 5, 1952.

Louis Nizer, New York City, for the petitioner.

Thomas A. Diskin, New York City, opposed.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

■ In spite of the ending of the term at which our mandate went down, we have power over our mandate, not only to declare what we meant, but to change it as we think the situation demands. § 452, Title 28, U.S.C. The petition asks us to say whether we meant to find that "Fawcett" infringed the plaintiff's lawfully copyrighted strips; and it asks us to direct the district court to issue an injunction. We think it best to leave open to the district court the question whether an injunction shall issue, since that is always a discretionary matter.

We did mean to say that "Fawcett" infringed some of the strips which the plaintiff put in suit, assuming that these had been lawfully copyrighted and the copyright had not been forfeited. This we held because "Fawcett" had argued that none of its strips infringed any of the plaintiff's; and it was a necessary finding, if we were to proceed to the other questions, which without any such finding would have become moot.

On the other hand, we did not find which of the strips, which the plaintiff put in suit "Fawcett" had infringed: i. e., copied so closely as to be actionable under Detective Comics v. Bruns Publications, 2 Cir., 111 F.2d 432. That will demand a comparison of each strip put in suit by the plaintiff with "Fawcett's" strip, which the plaintiff asserts does so closely copy that particular strip. Each such comparison really involves the decision of a separate claim; there is no escape from it. The plaintiff may put in suit as many strips as it pleases, but it must prove infringement of each, or it will lose as to that strip. In saying that "Fawcett" was an "unabashed" infringer we meant no more than that there were some such instances. Whether the strips so copied were protected by a valid copyright we did not say.

■ The plaintiff has the burden of proving as to any strip it puts in suit that it was validly copyrighted; but we leave it open whether "Fawcett" has the burden of proving whether any copyright, once proved to have been validly obtained, was later forfeited.

Further than the foregoing we refuse to go. This memorandum will be taken as incorporated into our original opinion.