UNITED STATES of America, Petitioner-Plaintiff-Appellee,

v.

63.04 ACRES OF LAND, MORE OR LESS, SITUATE AT LIDO BEACH, NEAR CITY OF LONG BEACH, TOWN OF HEMPSTEAD, COUNTY OF NASSAU, State of NEW YORK, and Irving A. Nemerov et al., Defendants-Appellants.

No. 251, Docket 24883.

United States Court of Appeals Second Circuit.

Argued March 14, 1958.

Decided June 24, 1958.

**69**

Paul Windels, Brooklyn, N. Y., for defendants-appellants. (On the brief: Nathan D. Shapiro, Brooklyn, N. Y., for Bessie N. Shapiro, Samuel Kresberg and Benjamin Kresberg; Jacob Patent, Brooklyn, N. Y., for Gilbert D. Paisner et al.; Leonard R. Fisher, New York City, for Irving A. Nemerov; Isidor E. Leinwand, New York City, for Sam H. Lipson, Trustee in Bankruptcy for William T. Nemerov and Joseph Margolis.)

Harry T. Dolan, Sp. Asst. to Atty. Gen., for petitioner-plaintiff-appellee. (On the brief: Perry W. Morton, Asst. Atty. Gen., Roger P. Marquis and Elizabeth Dudley, Attorneys, Department of Justice, Washington, D. C.)

Before CLARK, Chief Judge, HINCKS, Circuit Judge, and BRENNAN, District Judge.

PER CURIAM.

Shortly after the remand of this condemnation case as ordered in our earlier opinion, 245 F.2d 140, Chief Judge Inch, who had served as trier at the first trial, assigned the case for prompt hearing and announced that he construed the appellate order to require only a reopening of the judgment and of the record already made to permit of the introduction of evidence of the September 1954 sale, the exclusion of which had been the only ground of reversal. We think this interpretation not unreasonable: it is consistent with procedure sanctioned when a trial judge grants a "motion for a new trial" under Rule 59(a), Federal Rules of Civil Procedure. Even though the opinion several times spoke of a "new trial" and remanded "for a new trial on the valuation of the condemned property," it also noted that the "new trial" was necessary only because of the exclusion of the September sale and thus might be deemed to imply that the proceedings on remand need go no further than to expand the record by proofs as to the September sale and a redetermination of the value on the record thus enlarged. This interpretation was obviously in harmony with considerations of expedition and of economy in judicial administration. Cf. United States v. City of New York, 2 Cir., 165 F.2d 526. And the practice which it envisaged had previously been utilized in this circuit. United States v. Brooklyn Union Gas Co., 168 F.2d 391; United States v. 25.4 Acres of Land, D. C., 83 F.Supp. 433; Gulbenkian v. Gulbenkian, 147 F.2d 173; Riordan v. Ferguson, 147 F.2d 983. If the defendants, when first informed of the Judge's ruling, had promptly applied to the panel of this court which had handed down the former opinion for a clarification, cf. National Comics Publications v. Fawcett Publications, 2 Cir., 198 F.2d 927, it is highly likely, especially in view of the cases just above cited, that Judge Inch's interpretation of the mandate would have been approved. In view of all the foregoing, we dispose of the defendants' principal ground of appeal by sustaining Judge Inch's action in limiting the scope of the proceedings on remand.

Other grounds of appeal are still less tenable. In view of the limited scope of the proceedings, we think the celerity

with which the hearing was scheduled and held was not improper. The denial of the motion for trial by jury first made after the remand was not erroneous. And we find no error in denying on July 3, 1957 the other requests in the defendants' motion of June 28, 1957.

Affirmed.