210 So.2d 755 (1968)
Ruth H. CREVISTON, Appellant,
v.
GENERAL MOTORS CORPORATION and J.W. Whitesides, Appellees.
No. 67-368.
District Court of Appeal of Florida. Second District.
May 31, 1968.
David S. Yost of Cramer, Robinson, Ginsburg & Ross, Sarasota, for appellant.
Henry P. Trawick, Jr., of Millican & Trawick, Sarasota, for appellee General Motors Corporation.
G. Hunter Gibbons of Dart, Bell & Dickinson, Sarasota, for appellee, J.W. Whitesides.
ALLEN, Judge.
Appellant timely files this appeal from an order of the trial court dismissing her complaint against the appellee, General Motors Corporation and J.W. Whitesides.
In February, 1962, appellant purchased from J.W. Whitesides a new Frigidaire refrigerator which was manufactured by General Motors Corporation. On December 2, 1966, the upper hinge of the refrigerator door came apart while appellant was opening the refrigerator. As a result of the refrigerator door falling off, the appellant was injured. On April 5, 1967, appellant filed a four count complaint based on the facts as recited above.
Three counts of the complaint were voluntarily dismissed by the appellant. Count One of the complaint was based on a breach of an implied warranty. Count One was dismissed by the trial judge on a motion made by the appellees. The ground set forth in the motion for dismissal by the appellees was that on the face of the complaint the action was barred by the statute of limitations.
Appellant urges on this appeal the sole question as stated:
"Whether a cause of action for personal injuries accrued when a refrigerator was purchased or whether it accrued when a latent defect in the refrigerator inflicted personal injuries on the purchaser."
The basis for the implied warranty count was that the refrigerator manufacturer guaranteed that the refrigerator was suitable and reasonably fit for the use intended. The lower court entered its order on July 28, 1967, dismissing Count *756 One of the complaint. In its final judgment entered on the same date, the trial court stated:
"This action was considered after the court's dismissal of Count One of the complaint because it is barred by the Statute of Limitations and it appears that all other counts of the complaint have been voluntarily dismissed by the plaintiff."
The complaint had been filed more than five years from the date of the purchase and installation of the refrigerator.
We conclude that the trial court should be affirmed. We are unable to find any Florida cases touching directly on the limitations of actions based on warranties although certain other personal injury cases are persuasive.
In Cristiani v. City of Sarasota, Fla. 1953, 65 So.2d 878, an action was filed against the City of Sarasota for injuries to a minor as a result of the negligence of a city employee in the operation of a truck. The Supreme Court held that the action was barred by a statute declaring that no action should be brought against the city or village for any negligent or wrongful injury or damage to a person or property unless brought within twelve months from the time of injury or damage. The action was barred when not brought within twelve months from the time of the accident, even though partial blindness, which allegedly resulted from the accident, was not discovered for eighteen months after the accident.
The Court, in its opinion written by Justice Terrell, stated:
"The general rule seems to be that actions for personal injury based on the wrongful or negligent act of another accrue at the time of the injury and that the statute of limitations begins to run at the same time. The running of the statute is not postponed even though the injury may not materialize or be discovered till later. 54 C.J.S., Limitations of Actions, § 169; 34 Am. Jur., Limitations of Actions, § 160; Canada Dry Bottling Co. of Fla. v. White, 153 Fla. 70, 13 So.2d 595."
In the case of Seaboard Air Line Railroad Company v. Ford, Fla. 1955, 92 So.2d 160, on rehearing granted, p. 164 the Supreme Court said:
"To summarize, we hold that when an employee under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., develops an occupational disease as a result of the negligence of his employer, the statute of limitations begins to run from the time that the employee knows or should have known that the disease was occupational in origin, even though diagnosis of the exact cause has not yet been made; and if his suit is filed within three years from that time, the employee can recover for all the injuries suffered by reason of the negligence of his employer and is not limited to the three-year period immediately preceding the filing of suit. Urie v. Thompson, supra 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282. The question of when the employee knew or should have known that he had an occupational disease is one of fact and thus ordinarily to be determined by the jury. James v. Pennsylvania R. Co., 3 Cir., 1952, 196 F.2d 1021, citing Urie v. Thompson, supra."
In Fradley v. County of Dade, Fla.App. 1966, 187 So.2d 48, a malpractice action was brought against Dade County. The Third District Court of Appeal held that the malpractice action based on a breach of contract theory could not be maintained where notice of claim was not given to the county within one year from the time of the breach or neglect allegedly giving rise to the action. In the opinion it is stated:
"A complainant in a malpractice suit has an election to sue in tort or for the breach of contract and the applicable statutory period depends upon the claim for relief stated by the plaintiff.

*757 "The plaintiff has elected to bring this action for breach of contract therefore, the cause of action accrues from the time of the breach or neglect, not from the time when consequential damages result or become ascertained. This is so because the action is founded on the breach of duty and not the consequent injuries."
We are of the opinion that the statute of limitations in this case is three years, based on Section 95.11(5) (e). An implied warranty is an action founded on contract not in writing and normally on actions on contracts the limitations usually commence to run when the cause of action accrues. Generally the time of the breach of the agreement and not the date of actual damages sustained commences the breach. See Annotation 4 A.L.R.2d 821.
In the case of Schwartz v. Heyden Newport Chemical Corporation, 1963, C.A., 12 N.Y.2d 212, 237 N.Y.S.2d 714, 716, 188 N.E.2d 142, 143, 4 A.L.R.3d 814, the plaintiff, while a member of the United States Navy, had an opaque substance sold under the brand name of Umbrathor inserted in his sinuses for the purpose of contrast on an X-ray. A portion of this opaque substance remained in the plaintiff's sinuses producing cancer which was discovered in 1957. The suit in question was filed in 1959. The plaintiff asserted claims based on negligence and implied warranty. In dismissing the plaintiff's cause of action on the theory of warranty because of the running of the statute of limitations the Court of Appeals of the State of New York said:
"* * * Where the warranty is as to suitability of the product sold, the limitation runs from the date of sale. (Allen v. Todd Citing 6 Lans. 222 [1872]; Blessington v. McCrory Stores Corp., 305 N.Y. 140, 147, 111 N.E.2d 421, 423; Liberty Mut. Ins. Co. v. Shelia Lynn, Inc., 185 Misc. 689, 692, 57 N.Y.S.2d 707, 709, 710, affd. 270 App.Div. 835, 61 N.Y.S.2d 373.) * * *"
See also Kakargo v. Grange Silo Company, 1960, 11 A.D.2d 796, 204 N.Y.S.2d 1010, app. den. 11 A.D.2d 958, 207 N.Y.S.2d 435; Ricciutti v. Voltarc Tubes, Inc., 2 Cir.1960, 277 F.2d 809.
We conclude that the lower court correctly dismissed Count One of the complaint in this case on the ground that the statute of limitations had run.
Affirmed.
LILES, C.J., and PIERCE, J., concur.