CHARLES CARROLL, Judge.
By a complaint as amended the appellant alleged the purchase in March of 1964 of a glass coffee pot, from the appellee dealer Stanley Home Products, Inc.; that when the item was first used as intended, on June 22, 1964, the bottom of the coffee pot “fell out” causing burns to the appellant, for which injury she sought damages, charging liability on implied warranty of fitness.
The appellee dealer answered and moved for summary judgment on the asserted ground that the complaint showed on its face the statute of limitations had run, relying on the three year statute § 95.11(5) (e).
The trial court granted summary judgment for said defendant on the authority of Creviston v. General Motors Corporation, Fla.App.1968, 210 So.2d 755. In that case an electric refrigerator was purchased in February of 1962. On December 2, 1966, when the plaintiff was opening the refrigerator, the upper hinge of the door came apart and the door fell off causing the injuries for which recovery was there sought on the basis of breach of warranty of fitness. The complaint in the Creviston case was filed on April 5, 1967, which was more than three years after the date of purchase, but within three years of the date the door fell off.
In Creviston, the Second District Court of Appeal, affirming the trial court, held the statute of limitations began to run on the date of purchase rather than on the date of malfunction and injury.
When the appeal in the present case was heard in this court, the Creviston case was under consideration in the Supreme Court on a petition for certiorari, and we withheld ruling until the disposition thereof. The Supreme Court has now filed an opinion and judgment, dated July 2, 1969, in the case of Creviston v. General Motors Corp., Fla., 225 So.2d 331, quashing the decision of the district court in 210 So.2d 755. In so ruling the Supreme Court stated: * * * we conclude m an action on implied warranty for personal injury under the facts of this case, the three-year statute of limitations, F.S. Section 95.11(5) (e), F.S.A., begins to run from the time Petitioner first discovered, or reasonably should have discovered the defect constituting the breach of warranty.”
Here, by a complaint filed on June 21, 1967, the action was commenced more than three years after the time of the purchase of the coffee pot but within three years of the time of the alleged malfunction of the pot upon its initial use. Therefore, based on the decision of the Supreme Court in the Creviston case, the summary judgment is reversed and the cause is remanded to the circuit court for further proceedings.