BRANIFF AIRWAYS, INC., Phillip Addabbo, and Morton D. Stein, as Executor of the Estate of Maurice Berg, deceased, Appellants,

v.

CURTISS-WRIGHT CORPORATION, Appellee.

Nos. 423–426, Dockets 32884–32887.

United States Court of Appeals, Second Circuit.

April 16, 1970.

Hays, Circuit Judge, dissented in part.

Wilbur E. Dow, Jr., New York City, for appellants Braniff Airways, Inc., and Phillip Addabbo.

W. Shelby Coates, Jr., New York City, for appellant Morton D. Stein as executor of the estate of Maurice Berg, deceased.

James F. Coughlin, New York City (Mendes & Mount, Ernest D. Kennedy, New York City, of counsel), for appellee Curtiss-Wright Corp.

Before FRIENDLY, KAUFMAN and HAYS, Circuit Judges.

On Petition for Rehearing

IRVING R. KAUFMAN, Circuit Judge:

Appellants petition for rehearing of our decision in Braniff Airways, Inc., et al. v. Curtiss-Wright Corporation, 411 F. 2d 451 (2d Cir. 1969), claiming that a state court decision filed subsequent to ours requires us to change our interpretation of the pertinent state statute of limitations.

The facts are fully set forth in our main opinion and so we shall be content with a brief summary here. Curtiss-Wright sold airplane engines on July 17, 1956 to Douglas Aircraft Corporation, who in turn sold them (installed in a DC–7C) to Braniff, on October 23, 1956. Two years later, on March 25, 1958, the plane crashed near Miami, Florida. Braniff instituted suit against Curtiss-Wright in the United States District Court for the Southern District of New York on March 21, 1960; Maurice Berg [1]

and Phillip Addabbo, passengers on the plane, waited until December 23, 1963, and March 24, 1964, respectively, to file their suits. All three were consolidated for trial.

■ The only portion of our prior opinion called into issue on this petition for rehearing is that dealing with the timeliness of claims of implied warranty, which all three plaintiffs raise. Sitting in a diversity action, we must apply the law of the forum state in matters of substantive law, including the state's conflict of laws doctrines. See Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Sampson v. Channell, 110 F.2d 754 (1st Cir.), cert. denied, 310 U.S. 650, 60 S.Ct. 1099, 84 L.Ed. 1415 (1940). New York, by statute, New York Civil Practice Law and Rules § 202 (McKinney 1963),[2] provides that for causes accruing in another state, non-resident plaintiffs will be barred from instituting suit if they are barred by the statute of limitations of either jurisdiction; New York residents, however, will be affected only by the New York limitations period. Berg and Addabbo are New York residents; Braniff is considered a resident of its state of incorporation, Oklahoma. New York's six year limitation period runs from the date of sale. See CPLR § 213(2) (McKinney 1963). Compare Schwartz v. Heyden Newport Chemical Corp., 12 N.Y.2d 212, 215, 237 N.Y.S.2d 714, 716, 188 N.E.2d 142, 143, modified, 12 N.Y.2d 1073, 239 N.Y.S.2d 896, 190 N.E.2d 253, cert. denied, 374 U.S. 808, 83 S.Ct. 1697, 10 L.Ed.2d 1032 (1963) with Flanagan v. Mount Eden General Hospital, 24 N.Y.2d 427, 301 N.Y.S.2d 23, 248 N.E.2d 871 (1969). At the time of our decision on this appeal, relying on Creviston v. General Motors Corp., 210 So.2d 755 (Fla.Dist.Ct.App.1968), we

---

1. Berg died in the course of the litigation; his executor, Morton D. Stein, was substituted for him.

2. § 202. Cause of action accruing without the state

An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

were of the view that Florida, like New York, applied its statute of limitations, which is three years, from the date of sale. Thus we held Braniff was barred by the Florida statute applicable by virtue of CPLR § 202, and found Berg's and Addabbo's implied warranty claims untimely under the New York statute.

Our decision was filed on May 19, 1969, and a requested rehearing *en banc* was denied June 13, 1969. But in Creviston v. General Motors Corp., Fla., 225 So.2d 331, the Florida Supreme Court on July 2, 1969 reversed the intermediate appellate court decision on which we had relied, and held that the conflict in Florida lower court opinions over the accrual date in implied warranty cases should be resolved by computing the period from the time that the defect was, or should have been, discovered instead of the date of sale. Before considering the effect of the Florida Supreme Court's decision on our prior holding, we must first determine whether reconsideration of our original decision at this time is proper.

We note that the defendants filed a petition for certiorari on September 11, 1969 which was denied on December 8, 1969. 396 U.S. 959, 90 S.Ct. 431, 24 L. Ed.2d 423. After certiorari was filed, but before it was denied, plaintiffs learned of the reversal in *Creviston* and filed a motion in this court styled a request for "modification of decision of the court or for enlargement of the time to petition for rehearing."

■ It seems clear to us that we have the power to enlarge the time to petition for rehearing, F.R.A.P. 26(b), 40, and to modify an erroneous decision although the time for rehearing may have expired. See United States v. Certain Land, 420 F.2d 370 (2d Cir. 1969) (deleting award of interest three months after original decision). See also National Comics Publishers v. Fawcett, 198 F.2d 927 (2d Cir. 1952) (court of appeals may change and modify mandate of prior term). Accord, United States v. 63.04 Acres of Land, 257 F.2d 68, 69 (2d Cir. 1958).

This Circuit has long shown considerable willingness to correct what it believed an erroneous interpretation of the law when an intervening state decision seemed to indicate a better view. See Johnson v. Cadillac, 261 F. 878 (2d Cir. 1919), following McPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050 (1916) (Cardozo, J.). In *Johnson* we modified, on appeal from a remand of the same case, a rule we had previously declared in remanding it, viewing the proper resolution of the controversy more important than rigid adherence to the law of the case. And in Vanderbark v. Owens-Illinois Glass Co., 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327 (1941) the Court directed courts of appeals sitting in diversity cases to follow new state court decisions occurring subsequent to the date of the district court judgment, but before the court of appeals decision.

■ Even more telling was the Court's action in Huddleston v. Dwyer, 322 U.S. 232, 64 S.Ct. 1015, 88 L.Ed. 1246 (1944), where it vacated a Court of Appeals decision for failing to consider a new state court opinion that (like *Creviston*) was handed down after the time for rehearing had expired. In *Huddleston*, the petitioners had sought a second rehearing some six months after entry of judgment, a period considerably longer than that before us. The Supreme Court indicated that so long as the case was "sub judice" the court of appeals should have entertained the petition for rehearing based on a change in state law; it did not indicate, however, precisely what the bounds of the term "sub judice" might be. Under circumstances similar to *Huddleston*, we may consider petitions filed after rehearing has been denied, and even after the time to petition for rehearing has passed, see F.R.A.P. 40. The question we must determine is whether we should also entertain rehearings when a petition for certiorari already has been filed. *Huddleston* seems to indicate that we should. Instead of reversing the court of appeals, and deciding the state law issues itself, the Supreme Court there vacated the court of

appeals decision, and remanded to that court to permit it to determine the issues of state law in the first instance, on the basis of the new state court decision. For us to refuse to consider petitions for rehearing under the circumstances present here merely because a petition for certiorari has been filed would be, it seems to us, wasteful, for under the *Huddleston* procedure the Supreme Court would not reach the merits of the controversy, but would vacate our decision and order us to reconsider on the basis of the recent state opinion. Hence we conclude that in the interests of justice we should consider what effect the Florida Supreme Court's decision in *Creviston* will have on our prior judgment in this case.[3]

■■ First, Braniff's claim based on implied warranty is not barred as a matter of law in either Florida or New York, and so we reinstate that claim. See CPLR § 202. The sales took place in 1956; suit was filed in 1960, making the action timely in New York. Assuming that the time of the crash (1958) was the first time that Braniff had notice of the defect in the engines,[4] it also satisfied the Florida statute, since the Florida Supreme Court in *Creviston* indicated that its limitation period ran from the time when the party "discovered or should have discovered" the defect. 225 So.2d at 332.[5]

Berg's and Addabbo's claims are governed by the New York period of limitations, CPLR § 202, and since both filed suit more than six years after the sale, they would ordinarily be barred by the New York period of limitations. See CPLR § 213(2); Schwartz v. Heyden

Newport Chemical Corp., 12 N.Y.2d 212, 215, 237 N.Y.S.2d 714, 716, 188 N.E.2d 142, 143, modified, 12 N.Y.2d 1073, 239 N.Y.S.2d 896, 190 N.E.2d 253, cert. denied, 374 U.S. 808, 83 S.Ct. 1697, 10 L.Ed.2d 1032 (1963). Plaintiffs urge, however, that we should apply the Florida time of accrual to the New York period of limitations, and thus find both Berg's and Addabbo's suits timely. Their argument, in effect, is that accrual should be governed by the law governing the substantive cause of action, here Florida. This "jurisdiction-selecting" approach and its mirror image, which demands that the period of limitations and its accompanying accrual date must be chosen from the same state, have been rejected by the New York Court of Appeals in favor of an approach that examines each issue, and evaluates and weighs the competing policies expressed in each state's rule. See, e. g., Long v. Pan American World Airways, 16 N.Y.2d 337, 266 N.Y.S.2d 513, 213 N.E.2d 796 (1965).

■ There appear to be no New York decisions precisely in point on the limitations issue, at least since the conflicts-of-law trail blazers, Kilberg v. Northeast Airlines, 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526 (1961) and Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963). Thus we must give flesh to the policy considerations that underlie each state's rule. The general aim of statutes of limitation is to cut short pursuit of stale claims; in New York a relatively long period of limitations is sharply cut back by the rule that the cause for implied warranty accrues at sale, and not at discovery of

3. Lennig v. New York Life Ins. Co., 130 F.2d 580, 581 (3d Cir. 1942) suggests that a lower federal court on retrial may follow a state law rule different from the one relied upon in the federal court of appeals if there is an interim state court decision squarely in point. This would provide additional support for our decision to reconsider application of the *Creviston* rule, before remanding.

4. Curtiss-Wright argues that Braniff had earlier notice of the defect in the engines, and that thus the statute of limitations

has run even if measured from the time of discovery. That contention should be left for resolution at trial.

5. The district court also appears, in the alternative, to have directed a verdict on the merits of Braniff's implied warranty claim. See 411 F.2d at 454. For the same reasons governing our reversal of a directed verdict on Braniff's negligence cause, 411 F.2d at 453, we believe that there was sufficient evidence to take the implied warranty claim to the jury.

breach. The New York policy, we may reasonably infer, is to afford a litigant no more time to sue than that contemplated by the interplay of the two rules. The same may be said of Florida's shorter time limit, which is in effect extended by beginning computation at discovery rather than sale.

 The effect of permitting Berg and Addabbo to apply the Florida accrual date to the New York period of limitations would be to create a hybrid period of limitations, longer than that available in either state. Given a strong policy in the forum state looking towards an extension of available remedies, cf. Kilberg v. Northeast Airlines, 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526 (1961), such a result might be permissible.[6] In the instant case, however, there is no such showing. Indeed, as suggested, we have no reason to believe that New York would choose to extend its already long period of limitations by permitting the Florida accrual at discovery rule to govern. Additional support for this conclusion may be derived from New York's own treatment of statutes of limitation that run from the time the facts could reasonably have been discovered rather than the date of the injury or agreement. Though called a

"tolling" rather than an "accrual" provision, CPLR § 203(f) limits the time within which suit may be brought to the longer of the usual period of limitations or two years from the actual or imputed discovery date, thus indicating a New York policy against adding a long statute of limitations (such as six years) to a cause that accrues at, or is tolled until, discovery.[7] Even if CPLR § 203(f) were not thought by its terms to govern a foreign accrual date, its policy—cutting back the time limit when the statute is extended through nondiscovery—should show a legislative reluctance to permit the extension of the time to sue urged by plaintiffs here.

The petition to enlarge the time for filing a petition for rehearing, and for rehearing, is granted. Upon rehearing we adhere to our prior decision except that we reinstate Braniff's claim for implied warranty.

HAYS, Circuit Judge (concurring and dissenting):

I agree with the majority's determination that reconsideration of our original decision at this time is required by the authorities and that Braniff's claim for implied warranty should be reinstated. However, I would also reinstate Berg's

6. In *Kilberg* the New York Court of Appeals did apply the New York rule on damages to the Massachusetts wrongful death statute, but *Kilberg* is clearly distinguishable. There the New York rule against limiting damages was an affirmative state policy; here there is no demonstrable or even speculative interest in extending the time to sue for accidents occurring outside the state, but not for those occurring within it.

7. CPLR § 203. Method of computing periods of limitation generally

\* \* \* \* \*

(f) Time computed from actual or imputed discovery of facts. Except as provided in article 2 of the uniform commercial code, where the time within which an action must be commenced is computed from the time when facts were discovered or from the time when facts could with reasonable diligence have been discovered, or from either of such times, the action must be commenced within two years after such actual or imputed discovery or within the period otherwise provided, computed from the time the cause of action accrued, whichever is longer.

As the New York statute indicates, provisions stating that the cause "accrues" at discovery (Florida), or that the statute of limitations is "tolled" until discovery (New York), are simply different verbal formulations intended to reach the same result. Hence it is instructive that the New York courts, when applying foreign statutes of limitation, also accept their tolling provisions *in toto*. See Cellura v. Cellura, 24 A.D.2d 59, 263 N.Y.S. 2d 843 (1965). This suggests that New York would consider the Florida accrual at discovery rule (which is functionally identical to the New York tolling provision) intimately tied to its period of limitation, and would apply both to decide when the cause was extinguished.

and Addabbo's claims for implied warranty.

The majority finds it "highly doubtful" that the New York courts would permit the Florida accrual at discovery rule to govern. I do not agree. The New York courts have rejected a mechanical jurisdiction selecting rule.

> "Justice, fairness and 'the best practical result' * * * may best be achieved by giving controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties has the greatest concern with the specific issue raised in the litigation." Babcock v. Jackson, 12 N.Y.2d 473, 481, 240 N.Y.S.2d 743, 749, 191 N.E.2d 279 (1963) [citation omitted].

Florida has adopted its accrual rule to encourage the prevention of injury in that state caused by "the latently defective condition of * * * product[s]," Creviston v. General Motors Corp., Fla., 225 So.2d 331, 333 (1969), and to deal with a well-founded sense of outrage that because of "blameless ignorance" (*id.* at 334) plaintiffs should go uncompensated for invasions of their legal rights.

Thus Florida, by its accrual at discovery rule, has placed a greater burden than has New York[1] on manufacturers who may cause injury within that state. The additional standard of care imposed by Florida is not unlike a "rule of the road" about which the court in *Babcock* said:

> "In such a case, it is appropriate to look to the law of the place of the * * * [injury] so as to give effect to that jurisdiction's interest in regulating conduct within its borders, and it would be almost unthinkable to seek the applicable rule in the law of some other place." 12 N.Y.2d at 483, 240

N.Y.S.2d at 750–751, 191 N.E.2d at 284.

The time of sale rule is applied grudgingly by the New York courts. See Schwartz v. Heyden Newport Chemical Corp., 12 N.Y.2d 212, 217–219, 237 N.Y.S.2d 714, 717–719, 188 N.E.2d 142 (dicta) (and dissenting opinion of Chief Judge Desmond, 12 N.Y.2d at 219, 237 N.Y.S.2d at 719, 188 N.E.2d at 145), modified, 12 N.Y.2d 1073, 239 N.Y.S.2d 896, 190 N.E.2d 253, cert. denied, 374 U.S. 808, 83 S.Ct. 1697, 10 L.Ed.2d 1032 (1963). An exception has recently been fashioned by the Court of Appeals. Flanagan v. Mount Eden General Hospital, 24 N.Y.2d 427, 301 N.Y.S.2d 23, 248 N.E.2d 871 (1969). In the light of their dissatisfaction with the time of sale rule, the New York courts would be likely to welcome an opportunity to avoid extending that rule, while at the same time taking proper account of Florida's legitimate interests.

The cases cited by the majority to show that, when the New York courts apply a foreign statute of limitations, they also apply the pertinent foreign tolling provision are not relevant to the present problem. A tolling provision is closely akin to a statute of limitations—indeed an integral part of such a statute. The time an action accrues imports "notions of substantive law," 1 Weinstein-Korn-Miller, New York Civil Practice § 203.01, at 2–39.2 (1969). See First Nat'l Bank v. Marcher, 179 Misc. 258, 38 N.Y.S.2d 774 (Sup.Ct.1942); Bicknell v. Central Hanover Bank & Trust Co., 169 Misc. 7, 6 N.Y.S.2d 704 (Sup.Ct.), aff'd 255 App.Div. 956, 8 N.Y.S.2d 668 (1st Dep't 1938); Zuck v. Interstate Publishing Corp., 317 F.2d 727, 735 (2d Cir. 1963); Baron Tube Co. v. Transport Ins. Co., 365 F.2d 858, 860 (5th Cir. 1966).[2]

---

1. The longer period of limitations in New York only partly compensates for its rule of accrual at the time of sale. In many instances a latent defect may not be discovered until more than six years after the product has been sold.

2. Section 203(f) of the New York Civil Practice Act and Rules would be irrelevant even if the New York rule as to accrual date were to be applied.