Baker v. Stryker Corporation

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand nineteen.

PRESENT:
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges.*

─────────────────────────────────────

Edward J. Baker,

> *Plaintiff-Appellant*,

> v.                                                      18-1188

Stryker Corporation,

> *Defendant-Appellee*,

Porex Corporation,

> *Defendant*.

─────────────────────────────────────

**FOR PLAINTIFF-APPELLANT:**          EDWARD J. BAKER, pro se, Fresh Meadows, NY.

**FOR DEFENDANT-APPELLEE:**          PAUL E. ASFENDIS, Gibbons P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on March 22, 2018, is **AFFIRMED**.

Appellant Edward J. Baker, proceeding pro se, sued Stryker Corporation ("Stryker") in May 2016, asserting claims of negligence, strict liability, and breach of implied warranty for manufacturing defective implants that were inserted into his jaw in August 2006. He appeals from the District Court's judgment dismissing his complaint as time-barred under New York's statutes of limitations. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review de novo orders granting summary judgment and, in so doing, focus on whether the District Court properly concluded that there was no genuine dispute of material fact and that the moving party was entitled to judgment as a matter of law. *See Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012). We also review de novo the District Court's application of the appropriate statutes of limitations. *City of Pontiac Gen. Emps. Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011).

In diversity actions, "a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations." *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998). When a plaintiff is a resident of New York, New York courts apply only New York statutes of limitations, regardless of where the events giving rise to the underlying claim occurred. *Braniff Airways, Inc. v. Curtiss-Wright Corp.*, 424 F.2d 427, 428 (2d Cir. 1970). Here,

2

it is undisputed that Baker is a resident of New York. His claims are therefore subject to New York's statutes of limitations.

Baker's personal injury claims alleging Stryker's strict liability and negligence are governed by New York's three-year statute of limitations. N.Y. C.P.L.R. § 214(5). S*ee Victorson v. Bock Laundry Mach. Co.*, 37 N.Y.2d 395, 399–400 (1975) (under C.P.L.R. § 214(5), New York's statute of limitations for strict products liability claims is three years and begins to run on the date of injury); *Gianakakos v. Commodore Home Sys. Inc.*, 727 N.Y.S.2d 806, 808 (3d Dep't 2001) (three-year statute of limitations imposed by C.P.L.R. § 214(5) applies to negligence claims). Generally, under New York law, a cause of action "does not accrue until an injury is sustained." *Snyder v. Town Insulation, Inc.*, 81 N.Y.2d 429, 432 (1993).

In cases involving the malfunction of medical devices "implanted or inserted into the human body," the statute of limitations "runs from the date of the *injury resulting from the malfunction*." *Martin v. Edwards Labs.*, 60 N.Y.2d 417, 422 (1983) (emphasis added). In other words, the "three year limitations period runs from the date when plaintiff first noticed symptoms, rather than when a physician first diagnosed those symptoms." *Galletta v. Stryker Corp.*, 283 F. Supp. 2d 914, 917 (S.D.N.Y. 2003).

Baker alleged in his complaint that the defective design of Stryker's implants—which were implanted into his jaw in 2006—was the "sole" cause of his "six years of intense pain with frequent choking sensations." Dkt. No. 1, No. 16-CV-3422 (E.D.N.Y.) at ¶ 7. The record evidence submitted on summary judgment demonstrates that Baker's pain—which he attributes to a "defect" or "malfunction" in one or both of the implants—began almost immediately after his 2006 operation. In deposition, Baker testified that very soon after the implant surgery he

3

began to experience a choking sensation and also felt pain that was "[r]adically different" from the pain he experienced after any of the four earlier surgeries that were performed on his jaw. App'x 58. He also described how, "[a]s the numbness wore off . . . the more choking sensation [he] experienced [sic]." *Id.* Indeed, only three days after the implant surgery, Baker expressed concern about his symptoms to his surgeon. Over the next several years, Baker spoke with numerous doctors about his symptoms. At least three doctors raised the possibility that the implants were causing Baker's symptoms.

In light of this evidence, the District Court did not err in concluding that Baker's injury occurred on or around August 22, 2006—the date the devices were implanted, causing pain almost immediately thereafter—and that Baker's personal injury claims, for statute of limitations purposes, accrued on that date.

Baker argues that his claims are nonetheless timely because he could not have discovered the cause of his injury (i.e., that one or both of the implants was allegedly defective) until the right jaw implant was removed in 2013. Under C.P.L.R. § 214-c, the statute of limitations is tolled until the date "the injury is discovered or should have been discovered." *Rothstein v. Tenn. Gas Pipeline Co.*, 87 N.Y.2d 90, 96 (1995). This discovery rule, however, applies only to "action[s] to recover damages . . . caused by the latent effects of exposure to any substance or combination of substances." C.P.L.R. § 214-c(2). Governing case law holds that Baker's injury does not arise from latent exposure to a substance within the meaning of § 214-c and, therefore, this provision does not save his claim.[1] *See Giordano v. Mkt. Am., Inc.*, 15 N.Y.3d 590, 598

---

[1] Even if C.P.L.R. § 214-c did apply, Baker's personal injury claims would still be untimely because the New York Court of Appeals has defined "discovery" of the injury as "discovery of the physical condition and not . . . the more complex concept of discovery of both the condition and the nonorganic etiology of that condition." *Wetherill v. Eli*

4

(2010) ("The Legislature's concern when it enacted the statute was the problems raised by toxic torts . . . . It can hardly be argued . . . that CPLR 214-c[] extends beyond substance exposure cases.").

The district court also correctly concluded that Baker's breach of warranty claim was untimely. Section 2-725 of the New York Uniform Commercial Code establishes a four-year statute of limitations for breach of warranty claims. *See* N.Y. U.C.C. § 2-725(1) ("An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."); *id.* § 2-725(2) ("A breach of warranty occurs when tender of delivery is made."). For such claims, the statute begins to run when "the product is placed in the stream of commerce or at the time of sale by the manufacturer." *Schrader v. Sunnyside Corp.*, 747 N.Y.S.2d 26, 28 (2d Dep't 2002). Here, Baker's breach of warranty claim accrued, at the latest, when the customized implants were implanted on August 22, 2006, after they had been sold by the manufacturer to the hospital. Therefore, the related limitations period expired on August 21, 2010, almost six years before Baker filed his complaint in May 2016.

We have considered Baker's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

*Lilly & Co. (Matter of New York Cty. DES Litig.)*, 89 N.Y.2d 506, 514 (1997). Accordingly, for purposes of C.P.L.R. § 214-c, Baker "discovered" his injury when he began to experience enhanced pain and choking sensations very soon after his August 2006 surgery, and not in 2013 when he formed the view that one or both of his implants was defective.

5