The judgment of the district court will be affirmed.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Larry Michael DANKERT, Defendant-Appellant.**

No. 74–3282

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Jan. 22, 1975.

J. V. Eskenazi, Federal Public Defender (Court-appointed), Michael L. Brodsky, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Donald L. Ferguson, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from a part of the sentence imposed as a result of a plea of guilty to a charge of conspiring, in violation of 21 U.S.C.A. § 963, to import cocaine, a Schedule II narcotic controlled substance, into the United States, a vio-

---

**6.** Snyder v. Massachusetts, 291 U.S. 97, 122, 54 S.Ct. 330, 338, 78 L.Ed. 674 (1934).

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.

lation of 21 U.S.C.A. § 952(a). The complaint is to that part of the sentence imposing a special parole term of three years following release from incarceration.

It is conceded that a special parole term following incarceration is mandatory under 21 U.S.C.A. § 960(b)(1), upon conviction of a substantive violation of § 952(a)(1). The argument is that the conspiracy statute, § 963, does not include the special parole term provision of § 960(b)(1). We disagree. § 963 provides:

Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

The punishment provision of § 963 must be considered in light of §§ 952(a) and 960, since it is these statutes which define the offense which was the object of the conspiracy, and provide for punishment therefor. They provide:

§ 952(a) It shall be unlawful to import into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance in schedule I or II of subchapter I of this chapter

\* \* \* \* \* \*

§ 960(a)(1)

Any person who—

contrary to section 952, 953, or 957 of this title, knowingly or intentionally imports or exports a controlled substance,

\* \* \* \* \* \*

shall be punished as provided in subsection (b) of this section.

§ 960(b)(1)

In the case of a violation under subsection (a) of this section with respect to a narcotic drug in schedule I or II,

\* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. 1970, 431 F.2d 409, Part I.

the person committing such violation shall be imprisoned not more than fifteen years, or fined not more than $25,000, or both. If a sentence under this paragraph provides for imprisonment, the sentence shall include a special parole term of not less than three years in addition to such term of imprisonment.

\* \* \* \* \* \*

We have no trouble whatever in understanding the language of § 963 to permit punishment not exceeding that provided for an offense in violation of § 952(a). Appellant was charged with conspiring to commit such an offense and pleaded guilty thereto. The 'substantive offense in question carried a special parole term of three years. Appellant received a special parole term of three years.

Affirmed.