**Fernando Medina CANTU, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 79–1080

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 9, 1979.

Fernando Medina Cantu, pro se.

John M. Potter, Asst. U. S. Atty., Houston, Tex., for respondent-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

In June 1972, Fernando Medina Cantu was convicted of conspiracy to possess with

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

intent to distribute and of conspiring to distribute marihuana and was sentenced to five years in prison to be followed by a special parole term of three years. This court affirmed his conviction on direct appeal. *United States v. Cantu,* 469 F.2d 679 (5th Cir. 1972), *cert. denied,* 411 U.S. 908, 93 S.Ct. 1536, 36 L.Ed.2d 197 (1973). In September, 1978, Cantu filed a motion to vacate his sentence under 28 U.S.C. § 2255, asserting first, that the trial court erred in admitting a co-conspirator's out-of-court declarations without following the procedures established in *United States v. James,* 590 F.2d 575 (5th Cir. 1979) (en banc) and, second, that the statute under which he was sentenced, 21 U.S.C. § 846, does not permit the imposition of a special parole term. The district court denied relief. We affirm.

In *James,* we held that the procedures adopted for determining the admissibility of a co-conspirator's out-of-court declarations were prospective. 590 F.2d at 583. Since Cantu's trial occurred prior to the decision in *James,* the district court did not err in failing to anticipate the result in *James.*

This court has never specifically addressed the question whether 21 U.S.C. § 846 allows the sentencing judge to impose a special parole term as a part of a defendant's sentence. We have, however, upheld the imposition of a special parole term under a statute with language very similar to that in § 846, 21 U.S.C. § 963, which forbids conspiracies to import controlled substances. *United States v. Dankert,* 507 F.2d 190 (5th Cir. 1975). § 963 provides that the crime of conspiring to import controlled substances "is punishable by imprisonment or fine or both [not to] exceed the maximum punishment prescribed for the offense, the commission of which was the object of the conspiracy." The *Dankert* court found that § 963 permitted the imposition of a special parole term since the punishment for substantive offense of importing controlled substances included a special parole term. 21 U.S.C. § 960(b)(1).

Like the statute at issue in *Dankert,* § 863 also provides that the maximum pun-

ishment for conspiracy is the same as that established for the substantive offense. The statute prohibiting the substantive offense of possessing with the intent to distribute a controlled substance and of distribution of a controlled substance permits the imposition of a special parole term. 21 U.S.C. § 841. Thus, under the logic of *Dankert,* the sentencing judge here did not err in imposing the special parole term. *See United States v. Burman,* 584 F.2d 1354, 1357–58 (4th Cir. 1978); *United States v. Jacobson,* 578 F.2d 863, 867–68 (10th Cir. 1978), *cert. denied,* 439 U.S. 932, 99 S.Ct. 324, 58 L.Ed.2d 327 (1979).

AFFIRMED.