**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Pablo GUTIERREZ–BARRON,
Defendant-Appellant.**

**No. 79–5136
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 13, 1979.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

John A. Thomas (court-appointed), Dallas, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Gutierrez appeals his narcotics conspiracy and possession convictions. In addition to a meritless complaint about the court's exercise of its wide discretion in denying a continuance, he advances two points.

The evidence showed that during the summer of 1978 a Drug Enforcement Administration agent conducted negotiations with Gutierrez and three co-defendants for the purchase of heroin. Several transactions fell through at the last minute because of the co-defendants' problems with their source of drugs. Soon after the third unsuccessful attempt to deal, one of the conspirators telephoned the agent assuring him that the heroin was available and that the source was with him and ready to deliver. The agent then spoke with the alleged source for ten to fifteen minutes. This agent heard Gutierrez speak after his arrest and recognized his voice as that of the source.

The next day the agent and another drove to the agreed-upon delivery site. All four defendants arrived, and the three other than Gutierrez approached the agents' car and demanded to see the money. When showed $20,000, one of them produced seven ounces of heroin. Gutierrez remained in the other car during the entire transaction.

All three co-defendants testified that Gutierrez had supplied them with the heroin. The trial court admitted certain hearsay statements made by them and gave appropriate *Apollo* instructions to the jury. *United States v. Apollo,* 476 F.2d 156 (5th Cir. 1973).

Gutierrez contends that the trial court should have followed the procedure for admitting co-conspirator statements outlined in the panel decision in *United States v. James,* 576 F.2d 1121 (5th Cir. 1978), *modified en banc,* 590 F.2d 575 (1979). Gutierrez's trial was held on October 25 and 26, 1978. At that time, rehearing *en banc* had been granted in *James.* New Local Rule 17 (effective October 20, 1978), codifying our long-standing practice, provided that "the effect of granting a rehearing en banc is to vacate the previous opinion and judgment of this court and to stay the mandate." Consequently, this district court was not obliged to follow the panel decision in *James,* and *Apollo* was still the law of this Circuit. *See Cantu v. United States,* 598 F.2d 471 (5th Cir. 1979).

Gutierrez also contends that his Sixth Amendment rights were abridged because the trial judge considered evidence adduced at the co-conspirators' guilty plea hearing in determining the statements' admissibili-

ty. He further argues that he has been effectively denied his right to appeal because the record of that hearing was not included in the record of this case.

■ Appellant's contentions in this regard are without merit. Although the trial judge did state that his previous experience made him quite familiar with the conspiracy's features and with the statements, it does not appear that he actually relied on any evidence other than that adduced at trial. The judge's comments indicated no more than familiarity with the evidence at the earlier hearing, not reliance on it. He noted that "I had sort of a mini experience or trial, knowing what these witnesses were going to say. And so I concluded then and I concluded during this trial [that the proof of conspiracy was sufficient]." At no time did appellant object to the court's supposed consideration of evidence from the prior hearing. Furthermore, appellant has not shown that he was in any way prejudiced. Based on the in-court testimony of the DEA agent and on all non-hearsay testimony of three of appellant's co-conspirators as well, there was abundant evidence that a conspiracy existed, that appellant was a knowing participant, and that the out-of-court statements were made in furtherance of it.

AFFIRMED.