**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jay Michael WOLFE,
Defendant-Appellant.**

**No. 79–5106
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 15, 1980.

Rehearing Denied March 20, 1980.

---

* Fed.R.App.P. 34(a), 5th Cir.R. 18.

George D. Gold, Miami, Fla., for defendant-appellant.

William L. Harper, U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

Jay Michael Wolfe was convicted of possessing cocaine in violation of 21 U.S.C. § 841(a), and of conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C. § 846. He was sentenced to five years' imprisonment with five years' special parole. On appeal, Wolfe challenges the charge that was given to the jury and the imposition of the special parole term.

At trial, Wolfe's defense was that he had no intention to deal in drugs. Instead, he argued that he intended to steal the payment money from the undercover agents attempting to buy cocaine from him. Wolfe's first contention on appeal is that the district court erred in its instructions concerning this defense and impermissibly shifted the burden of proof to the defendant. He further alleges that the instructions on reasonable doubt were misleading and confusing. Because the defendant did not object to any of these charges at trial, we must view these allegations under a plain error standard. *See* F.R.Crim.Pro. 52(b); *United States v. Marino*, 562 F.2d 941, 944 (5th Cir. 1977), *cert. denied*, 435 U.S. 996, 98 S.Ct. 1647, 56 L.Ed.2d 84 (1978).

The trial court did erroneously instruct the jury that the Government must prove the conspiracy charge by a preponderance of the evidence:

But, and this I emphasize, it is going to be up to you as the jury to determine whether or not the government has proved by a preponderance of the evidence the precise conspiracy charged in the indictment.

The court corrected this charge, however. THE COURT: Ladies and gentlemen of the jury, there have been three matters brought to my attention which I should mention. One, at some time during my charge, I completely inadvertently, I am sure, gave the standard of proof here as beyond the preponderance, which is not the standard of proof. The standard of

proof which you must apply to the guilt or innocence of the defendant is whether or not the Government has proved beyond a reasonable doubt, as I have defined that to you, whether or not the Government has proved beyond a reasonable doubt the guilt of the defendant. If it has, you may convict. If not, you must acquit.

Wolfe argues that other portions of the charge are erroneous.[1] To support his contention that these instructions impermissibly shifted the burden to him, Wolfe relies on *United States v. Chiantese*, 560 F.2d 1244, 1255–56 (5th Cir. 1977) (en banc), *cert. denied*, 441 U.S. 922, 99 S.Ct. 2030, 60 L.Ed.2d 395. Sitting en banc, this Court held that any instruction reasonably subject to interpretation as "shifting the burden to

the accused to produce proof of innocence" may not be given. *Id.* at 1255. In that case, the court condemned a charge telling the jury that the law presumes malice unless the contrary appears from the evidence.

■ The instruction given at the trial sub judice fully complied with the requirements of *Chiantese*. The trial judge did not charge the jury that it could "presume" intent; rather the jury was charged that it could under certain circumstances "infer" intent from the facts.[2] Moreover, the lower court repeatedly instructed the jury that the Government has the burden of proving guilt beyond a reasonable doubt and that the burden never shifts to the defendant.[3]

---

1. The portions of the charge that Wolfe argues are erroneous are as follows:

   Whether or not there was a conspiracy to possess cocaine with intent to distribute it or whether there was an entirely different conspiracy, that is, to rip off or to steal money from the purported buyers will, of course, be a fact for you to determine in accordance with the instructions which I have already given to you.

   As I have said, the defendant is on trial here only with respect to what the indictment charges; that is, a conspiracy to possess cocaine with the intent to distribute or to distribute such cocaine.

   Thus, if you should find as a fact that there was no conspiracy or that it was solely to rip off or to steal money, then, of course, you should find for the defendant.

   If you find the conspiracy alleged by the government in the indictment, that is, to possess cocaine with the intent to distribute, or to distribute it, even though it might be as an incident to a rip off or a stealing of something else, then you would be authorized to find that the conspiracy as charged has been proved.

   If, as between the alternatives, if you find that the evidence is equally balanced as between the two, then, of course, you must adopt the conclusion of innocence and acquit the defendant.

2. The court instructed the jury on intent in the following manner:

   Specific intent as the term implies means more than a mere general intent to commit an act.

   To establish specific intent, the government must prove that the defendant knowingly did an act which the law forbids or knowingly failed to do an act which the law requires, purposely intending to violate the law.

   Intent may be proved by circumstantial evidence and rarely can be established by other means because while witnesses may see and hear and thus be able to give direct evidence of what a defendant does or fails to do, there can be no eye witness account of the state of mind with which the acts were done or omitted.

   But what a person, including a defendant, does or fails to do may indicate intent or lack of intent to commit the offense charged.

   Thus, such intent may be determined from all of the facts and circumstances surrounding the case.

3. Examples of such instructions are as follows:

   Therefore, proof beyond a reasonable doubt must be proof of such a convincing character that you would be willing to rely and act upon it unhesitatingly in the most important of your own affairs, remembering that a defendant must never be convicted upon mere suspicion or conjecture and that the burden is always upon the government to prove guilt beyond a reasonable doubt.

   That burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

   *       *       *       *       *       *

   Now, I reiterate again the burden is upon the government to prove beyond a reasonable doubt every essential element of the crime charged as I have set them out for you and never imposes upon a defendant in a criminal case such as this the burden or duty of calling any witnesses or producing any evidence.

   *       *       *       *       *       *

   Now, the law does not compel a defendant in a criminal case to take the witness stand and testify and no presumption of guilt may be raised and no inference or conclusion of any

Finally, Wolfe specifically requested some of the charges to which he now objects, particularly those concerning his defense.[4] Thus, this contention lacks merit.

■ Wolfe also alleges that the instructions on circumstantial evidence were misleading.[5] There was no plain error involved in these instructions. Indeed, we find that the court's charge on circumstantial evidence was correct. Furthermore, where a proper instruction on reasonable doubt is given, it is not error to refuse an additional instruction on circumstantial evidence. *See United States v. Avarello*, 592 F.2d 1339, 1349 (5th Cir. 1979).

■ Wolfe claims that the court erred in not instructing the jury on the underlying substantive offenses of possession of cocaine. *See United States v. Martinez*, 496 F.2d 664, 669 (5th Cir. 1974). This allegation also lacks merit because the court did so instruct the jury:

> One of the offenses defined in the chapter is contained in 21 U.S.C., Section 841, which says that it shall be unlawful for any person knowingly or intentionally to distribute or possess with intent to distribute a controlled substance, and I tell you as a matter of law that cocaine hydrochloride is a Schedule II controlled narcotic substance.

kind may be drawn from the failure of the defendant to testify because the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

4. To demonstrate a burden-shifting instruction on the issue of intent, Wolfe particularly relies on the court's statement that, if the evidence is equally balanced between guilt and innocence, then the jury must find for the defendant. Wolfe specifically requested such a charge.

5. Wolfe objects to the following instructions:
   There are two types of evidence from which you, a jury, may properly find a defendant guilty of a crime.
   One is direct evidence, and that's the testimony of an eye witness, for example.
   The other is circumstantial evidence. That's the proof of a chain of circumstances pointing to the commission of a crime.
   As a general rule the law makes no distinction between direct and circumstantial evidence, but simply requires before convicting a defendant you, the jury, be satisfied of the defendant's guilt beyond a reasonable doubt from the evidence in the case.

   \*　　\*　　\*　　\*　　\*　　\*

When considered in connection with the other instructions given, the jury was adequately informed as to the definition and nature of the substantive offense. *See United States v. Marino*, 562 F.2d 941, 945 (5th Cir. 1977), *cert. denied*, 435 U.S. 996, 98 S.Ct. 1647, 56 L.Ed.2d 84 (1978).

■ Finally, Wolfe argues that the trial court erred in imposing a special parole term as part of his sentence for the conspiracy conviction. He maintains that the statute under which he was sentenced, 21 U.S.C. § 846, does not permit this. This court has specifically held that Section 846, which provides that the punishment by imprisonment or fine for conspiracy may not exceed the maximum punishment prescribed for the substantive offense, allows the sentencing judge to impose a special parole term as a part of the defendant's sentence. *Cantu v. United States*, 598 F.2d 471, 472 (5th Cir. 1979).

AFFIRMED.

Now, in considering circumstantial evidence, keep certain matters in mind, and certainly the circumstances must be proved beyond a reasonable doubt where there is circumstantial evidence. Those circumstances should be consistent with guilt and inconsistent with innocence and they ought to be of such a conclusive or of such a positive tendency as to convince you beyond a reasonable doubt rather than of some other conclusion.
I repeat, if the circumstances are susceptible of two—if the circumstantial evidence and all of the evidence in the case, when finally considered by you, balance out, that is, are susceptible of two equally reasonable constructions, one indicating guilt and the other innocence, then, of course, you should find the defendant innocent.

　\*　　\*　　\*　　\*　　\*　　\*

You are not bound to find any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your mind belief in the likelihood of truth as against the testimony of any other witness or any other evidence which does produce such belief.