**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**David Leslie MIDDLEBROOKS,
Defendant-Appellant.**

**No. 79–5191.**

United States Court of Appeals,
Fifth Circuit.

Aug. 14, 1980.

Paul G. Komarek, Lynn Haven, Fla. (court-appointed), for defendant-appellant.

Donald S. Modesitt, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

ON PETITION FOR REHEARING

Before AINSWORTH and HENDERSON, Circuit Judges, and HUNTER *, District Judge.

PER CURIAM:

In *United States v. Middlebrooks*, 618 F.2d 273 (5th Cir., 1980), we rejected the appellant's argument that the trial court erred in imposing a three-year special pa-role term pursuant to 21 U.S.C.A. § 846. In doing so, we relied upon authority, *Cantu v. United States*, 598 F.2d 471 (5th Cir. 1979), which appeared to dispose of the appellant's contention that no special parole term was authorized by that section. The appellant timely filed a petition for rehearing, raising only the sufficiency of the evidence. Subsequent to the filing of the petition for rehearing, but during the time in which a petition could still be submitted, the Supreme Court decided *Bilfulco v. United States*, —— U.S. ——, 100 S.Ct. 2247, 65 L.Ed.2d —— (1980). In *Bilfulco*, the Court held that a special parole term could *not* be imposed pursuant to 21 U.S.C.A. § 846. *Cantu* cannot stand in light of this decision.

On July 1, 1980, we denied the petition for rehearing. On July 3, 1980, the appellant filed an amended petition for rehearing, calling our attention to the *Bilfulco* decision. Because *Bilfulco* was decided while the appellant's case was pending before this court, it would be an overly technical reliance on the time requirements for filing a petition for rehearing to foreclose the appellant from the benefits of that decision. See Rule 40(a), F.R.A.P. (time for filing a petition for rehearing may be enlarged by the court). Accordingly, we vacate the special parole term imposed pursuant to the appellant's conviction on Count One of the indictment.

The denial of the petition for rehearing is VACATED and the petition is GRANTED. The original panel opinion is MODIFIED to the extent that the special parole term imposed pursuant to 21 U.S.C.A. § 846 is VACATED. In all other respects, the original panel opinion is AFFIRMED.[1]

---

* District Court Judge of the Western District of Louisiana, sitting by designation.

1. Because of the intervening decision of the Supreme Court in *Bilfulco*, we express no opin-ion as to its applicability in any other context. *See, Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 902–03 (1956) (Frankfurter, J., concurring).