**Albert Irvin CATES,
Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 78–3664.

United States Court of Appeals,
Fifth Circuit.

Sept. 24, 1980.

Albert Irvin Cates, pro se.

LeRoy M. Jahn, Asst. U. S. Atty., San Antonio, Tex., for respondent-appellee.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Albert Cates pled guilty to conspiracy to import marijuana, and the trial court sentenced him to two years imprisonment to be followed by a three-year special parole term. Subsequently, Cates appealed to this court to vacate his special parole sentence.

Under 21 U.S.C. § 960(b)(2), one who commits the substantive offense of import-

ing marijuana, or any nonnarcotic schedule I or II controlled substance [1] in violation of 21 U.S.C. § 952, "shall be imprisoned not more than five years, or be fined not more than $15,000, or both" and, if imprisoned, shall be given "a special parole term of not less than two years." Under 21 U.S.C. § 963:

> Any person who attempts or conspires to commit any offense defined in this subchapter [21 U.S.C. §§ 951–966] is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Cates argued that section 963, under which he was sentenced, does not authorize the imposition of a special parole term because such a penalty is neither imprisonment nor a fine, which are the only punishments section 963 permits. In an unpublished opinion, *Cates v. United States*, 599 F.2d 447 (5th Cir. 1979), we rejected this contention on the basis of *United States v. Dankert*, 507 F.2d 190 (5th Cir. 1975), which held precisely that section 963 did permit a special parole term for conspiracy to commit an offense punishable under section 960 because such a term is part of the "maximum punishment prescribed" by section 960. Cates then filed a petition for writ of certiorari, which the Supreme Court granted to vacate our decision and remand the case to us "for further consideration in light of *Bifulco v. United States*, — U.S. — [100 S.Ct. 2247, 65 L.Ed.2d —] (1980)." *Cates v. United States*, — U.S. —, 100 S.Ct. 3033, 65 L.Ed.2d 1127 (1980).

In *Bifulco*, — U.S. —, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), the defendant was convicted of conspiracy to manufacture, distribute, and possess with intent to distribute a schedule III controlled substance, and he was given a sentence therefor that included a special parole term. The penalty for the underlying substantive offense in *Bifulco* is set forth in 21 U.S.C. § 841(b)(1)(B). That section requires, as does section 960(b)(2), that any sentence of

imprisonment be augmented by a special parole term. The penalty for conspiracy to commit the substantive offense, or any offense defined in 21 U.S.C. §§ 801–904, is prescribed in section 846, which is identical to section 963. The Court in *Bifulco* concluded that section 846 does not authorize the imposition of a special parole term.

*Bifulco* directly overrules *Cantu v. United States*, 598 F.2d 471 (5th Cir. 1979), which was decided by this panel. *United States v. Middlebrooks*, 624 F.2d 36, at 37 (5th Cir. 1980). We conclude that *Bifulco* also effectively overrules *Dankert*, upon which we previously relied in the present case. The Court in *Bifulco* based its decision on "the language and structure, legislative history, and motivating policies" of section 846, — U.S. at —, 100 S.Ct. at 2252; *see id.*, — U.S. at —, 100 S.Ct. at 2258. Since sections 846 and 963 are identically worded, have virtually the same legislative history, and create and punish closely parallel crimes, we can perceive no basis for construing them antithetically. The Court in *Bifulco* noted, moreover, that the two sections contain "closely analogous sentencing provisions." — U.S. at —, 100 S.Ct. at 2251. We find, therefore, that *Bifulco* precludes us from reapplying *Dankert*, and so, as did the Court in *Bifulco*, we VACATE the defendant's special parole term.