**Evelyn MARINO, et al.,
Plaintiffs–Appellants,**

v.

**Juan U. ORTIZ, et al.,
Defendants–Appellees.**

**Docket No. 86–7347.**

United States Court of Appeals,
Second Circuit.

Submitted June 16, 1989.

Decided Oct. 18, 1989.

Ronald Podolsky, New York City, for plaintiffs-appellants.

Before FEINBERG, WINTER and MAHONEY, Circuit Judges.

PER CURIAM:

Movants seek an enlargement of time in which to file a petition for rehearing under Fed.R.App.P. 40 in light of the Supreme Court's decision in *Martin v. Wilks*, —— U.S. ——, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989). We deny the motion.

We decided the instant case, *Marino v. Ortiz*, 806 F.2d 1144 (2d Cir.1986), and a companion case, *Hispanic Soc'y v. New York City Police Dep't*, 806 F.2d 1147 (2d Cir.1986), almost three years ago. The Supreme Court affirmed our decision by a 4–4 vote slightly over a year later, *see Marino v. Ortiz*, 484 U.S. 301, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988) (per curiam), and the mandate has long since issued. Familiarity with these decisions is assumed.

We appear to have jurisdiction to deny a petition for rehearing where the mandate has issued. *See United States v. DiLapi*, 651 F.2d 140, 144 n. 2 (2d Cir.1981), *cert. denied*, 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 648 (1982). It would follow that we may deny a motion for an extension of time to file such a petition. We turn therefore to the merits of the motion.

The appellate rules provide a fourteen-day window in which to file a petition for rehearing following a judgment "unless the time is shortened or enlarged by order or by local rule." Fed.R.App.P. 40(a). Our local rules are silent on the issue. We of course have the power to enlarge the time "by order" under Rule 40(a). *See Braniff Airways, Inc. v. Curtiss–Wright Corp.*, 424 F.2d 427, 429 (2d Cir.), *cert. denied*, 400 U.S. 829, 91 S.Ct. 59, 27 L.Ed.2d 59 (1970). Typically, a motion to enlarge the time is made during the fourteen-day period and before the mandate has issued. Such a motion will usually cite the workload of counsel or the need to consult parties or other counsel with regard to whether a petition should be filed as a justification for granting the motion. The decision whether to grant the motion is discretionary, but enlargement is routinely granted when the motion is made within the fourteen-day period.

The present motion is thus unusual both in timing and grounds asserted. Although we have occasionally granted extensions of time under Rule 40 after the mandate has issued, *see, e.g., Davis v. Smith*, 607 F.2d 535, 540 (2d Cir.1978), we have done so only in circumstances far more compelling than those presented here. In *Davis*, for example, we granted an extension of time to petition for rehearing based on the Supreme Court's decision in *Quern v. Mandley*, 436 U.S. 725, 98 S.Ct. 2068, 56 L.Ed.2d 658 (1978), which had been rendered *before* the panel decision in *Davis*. Thus, the extension of time in *Davis* was predicated on a mistake of law at the time of the original decision. *See also, Huddleston v. Dwyer*, 322 U.S. 232, 236, 64 S.Ct. 1015, 1017, 88 L.Ed. 1246 (1944) (per curiam); *United States v. Middlebrooks*, 624 F.2d 36, 37 (5th Cir.1980) (per curiam).

Our research has revealed only one example of a grant of rehearing after an extended time. In *Brenna v. Federal Cartridge Corp.*, 174 F.2d 732 (8th Cir.1949) (per curiam), decided in April 1949, the

Eighth Circuit Court of Appeals affirmed dismissal of a complaint based solely on its decision one week earlier in *United States Cartridge Co. v. Powell*, 174 F.2d 718 (8th Cir.1949). In May 1950, the Supreme Court reversed *Powell*. *Powell v. United States Cartridge Co.*, 339 U.S. 497, 70 S.Ct. 755, 94 L.Ed. 1017 (1950). The appellants in *Brenna* then petitioned for a rehearing, and the court granted the petition. 183 F.2d 414 (8th Cir.1950) (per curiam). In granting the petition in *Brenna*, the Court of Appeals made no mention of an enlargement of time, although over a year had passed, but went directly to the merits of the petition.

The instant matter is fundamentally different from those in which we have granted extensions of time. The motion for enlargement of time is nothing but an attempt to reopen a final judgment because of a subsequent change in the law. When we take the interest in finality of judgments, particularly those as old as the instant matter, into account, we perceive no persuasive reason to reopen this matter. Movants have made no showing of a manifest or intolerable injustice. Indeed, they were fully aware of the proceedings leading up to the consent decree in question and, viewing the proceedings as a whole, it is evident that this collateral attack was necessitated in part by their counsel's mistaken belief that they were parties to the class action. *See Hispanic Soc'y*, 806 F.2d at 1152–53.

Because of our disposition of this matter, we need not reach the questions of whether the motion should have been directed to the Supreme Court, whether its affirmance of our decision is the law of the case, or whether *Wilks* is retroactive.

Denied.