**UNITED STATES of America, Appellee,**

v.

**Edmond GIFFORD, Appellant.**

**No. 88–1647.**

United States Court of Appeals, Third Circuit.

Argued Sept. 5, 1989.

Decided Dec. 19, 1989.

Rehearing and Rehearing In Banc Denied Jan. 17, 1990.

Thomas Moribondo (Argued), Philadelphia, Pa., for appellant.

Michael M. Baylson, U.S. Atty., Eastern District of Pennsylvania, Joel M. Friedman, Philadelphia Strike Force, Michael L. Levy (Argued), Barry Gross, Special Attys., Philadelphia, Pa., for appellee.

Before MANSMANN, NYGAARD and ALDISERT, Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Edmund Gifford appeals from a judgment of sentence following his conviction

on charges stemming from a scheme to import phenyl–2–propanone (P2P), a chemical used to manufacture methamphetamine, into the United States. Gifford was convicted of one count of conspiracy to possess and manufacture methamphetamine and one count of attempted importation of P2P. Gifford raises two issues on appeal. First, he challenges the government's use of at trial of videotaped depositions as a violation of his rights under the Confrontation Clause, the Due Process Clause and Fed.R.Crim.P. 15(b). Second, he claims that the district court erred when, in addition to the prison sentence, it imposed a special term of parole for the attempted importation count. For the reasons that follow, we will affirm the convictions, but vacate the term of special parole.

## I.

Gifford, along with five other individuals, was tried before a jury in April, 1988 on charges arising out of his participation in a wide-ranging conspiracy to import P2P from Europe.[1] Gifford and another co-defendant, Joseph Kelly, were responsible for procuring the P2P in Europe and shipping it to the United States. Most of the evidence concerning Gifford's activities in Europe came through the deposition testimony of ten foreign witnesses. These witnesses related how Gifford and Kelly traveled through Europe in the fall of 1986 purchasing P2P. The P2P was to be placed in radiators for shipment to Philadelphia. One order was actually made in Gifford's name. App. at 1142–43.

The government sought to depose the ten witnesses in Belgium when it became apparent that it would be unable to procure their attendance at trial. The government sought the permission of the Belgian authorities to transport Gifford and Kelly, who were both pretrial detainees, to Brussels for the depositions. The Belgian government denied this request. The depositions were taken at the United States Embassy in Belgium in November, 1987, with the Honorable Edmund L. Palmieri,

Senior United States District Judge for the Southern District of New York, acting as Special Master. Gifford's attorney was present at the depositions. Gifford was able to listen to the testimony by virtue of an open telephone line. In addition, Gifford was able to confer with his attorney through the use of a private line. The entire proceeding was videotaped. The videotape was played at trial over Gifford's objections. *See United States v. Gifford,* 684 F.Supp. 125 (E.D.Pa.1988).

Following the trial, the jury returned guilty verdicts on the conspiracy count and on one count of attempted importation of P2P.[2] On August 9, 1988, Gifford was sentenced to three years imprisonment on attempted importation count, along with a special parole term of three years which was to commence upon his release. On the conspiracy count, the district court suspended execution of the sentence and placed Gifford on probation for five years commencing upon his release from prison. App. at 149. This timely appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

## II.

■ Gifford raises several challenges to the admission of the videotaped deposition testimony. First, he argues that the admission of the testimony violated Fed.R.Crim.P. 15(b), which provides, in pertinent part:

> The officer having custody of a defendant shall be notified of the time and place set for the examination and shall, unless the defendant waives in writing the right to be present, produce the defendant at the examination and keep the defendant in the presence of the witness during the examination ...

Gifford contends that the express language of the Rule requires that a defendant subject to pretrial detention must in all circumstances be present for depositions. However, as was pointed out by the Court of Appeals for the Second Circuit in

---

1. Two of the defendants, Dominic Picuri and Michael Forte, pled guilty during the trial.

2. Gifford was found not guilty on two counts of importation of P2P.

*United States v. Salim,* 855 F.2d 944, 949 (2d Cir.1988), this absolute rule would transgress the general purpose of Rule 15, which is to preserve testimony "[w]henever due to exceptional circumstances of the case it is in the interest of justice" to do so. Fed.R.Crim.P. 15(a). In *Salim,* the defendant was not permitted to hear the deposition testimony, which was taken in France subject to French rules of court and presided over by a French magistrate. The court held that Rule 15(b) was not intended to be an obstacle which would prevent the deposition from being taken at all. 855 F.2d at 950. The argument for holding that Rule 15(b) was not violated is even more compelling in this case, where great pains were taken to insure that the incarcerated defendants were able to take as active a role in the proceedings as the circumstances would permit. Thus, the Rule 15(b) claim is without merit.

 Gifford next argues that the deposition procedure violated his due process rights, since he was not present at what was critical stage of the prosecution. While we acknowledge that the deposition was a critical stage of the prosecution, and that his absence was not due to any actions on his part, *Cf. Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (defendant's removal from courtroom due to his own unruly conduct not violative of confrontation or due process rights), we cannot conclude that the procedure employed here violated due process. Defendant was able to listen to the proceedings as they occurred, and was afforded the opportunity to consult with his attorney. In these circumstances, Gifford's right to a fair trial was not violated by the use of the deposition testimony.

Finally, Gifford claims that the admission of the videotape violated his Sixth Amendment Confrontation rights. We reject this argument for the reasons expressed in *United States v. Kelly,* 892 F.2d 255 (3d Cir., 1989).

### III.

Gifford next claims that the district court erred in imposing a special parole term in addition to the prison term imposed for his conviction on the attempted importation count. He claims that the statute in question, 21 U.S.C. § 963, by its terms, provides only for punishment in the form of imprisonment or fine or both. The government has conceded this issue. Brief for government at 46. Thus, we will vacate that portion of his sentence which imposes the special parole term. *See Bilfulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980); *Cates v. United States,* 626 F.2d 399, 400 (5th Cir. 1980).

For the forgoing reasons, we will affirm the convictions and will vacate the sentence with respect to the term of special parole.