EASTWOOD AUTO BODY AND GA-
RAGE, INC., doing business as East-
wood Towing, James Messer, and Lucille
Messer, Plaintiffs–Appellants,

v.

CITY OF WATERBURY, Edward D. Ber-
gin, Jr., Mayor, Individual and official
capacity as Mayor of the City of Water-
bury, Francis Sullivan, Individual and
official capacity as Administrative Aide
to the Mayor of the City of Waterbury,
Edward F. Bergin, Individual and offi-
cial capacity as Superintendent of Po-
lice of the City of Waterbury, Richard J.
White, Individual and official capacity
as Deputy Superintendent of Police for
the City of Waterbury, John 1–10 Does,
Defendants–Appellees.

Docket 97–9278.

United States Court of Appeals,
Second Circuit.

Submitted Aug. 28, 1998.

Decided Sept. 25, 1998.

Michael P. McGovern, Ayres & Parkey,
Knoxville, TN, for Plaintiffs–Appellants.

Cheryl E. Hricko, Corporation Counsel's
Office, City of Waterbury, Waterbury, CT,
for Defendants–Appellees.

Before: WINTER, Chief Judge, and
KEARSE, WALKER, JACOBS, LEVAL,
CALABRESI, CABRANES, PARKER,
STRAUB, POOLER, and SACK, Circuit
Judges.

PER CURIAM:

Plaintiffs-appellants Eastwood Auto
Body and Garage, Inc., *et al.*, seek *in banc*
review of the decision by a panel of this
Court to deny appellants' motion for addi-
tional time to file a petition for rehearing
with suggestion for rehearing *in banc.* Upon
motion, this Court may "for good cause
shown ... enlarge the time prescribed" to
file a petition for rehearing or modify an
erroneous decision even though the time for
rehearing has expired. Fed. R.App. P. 26(b)
& 40; *see Braniff Airways, Inc. v. Curtiss–
Wright Corp.,* 424 F.2d 427, 429 (2d Cir.),
*cert. denied,* 400 U.S. 829, 91 S.Ct. 59, 27
L.Ed.2d 59 (1970). The decision whether to
grant the motion is discretionary. *See Mari-
no v. Ortiz,* 888 F.2d 12, 13–14 (2d Cir.1989)
*(per curiam )* (denying Rule 40 motion for
extension of time based on new Supreme
Court decision as "nothing but an attempt to
reopen a final judgment because of a subse-
quent change in the law").

Discretion in this case was soundly exer-
cised. There is a pattern of appellants' re-
peated defaults, lateness and extensions, both
here and in the district court. Such conduct
wastes everyone's resources, breeds incivility
between counsel, and (unless papers show

otherwise, as these do not) betrays counsel's view that the litigation lacks promise except to delay a day of reckoning.

The motion for *in banc* review is denied. The mandate shall issue forthwith.