**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**MARLON ULI, Defendant.**

High Court of American Samoa
Trial Division

CR No. 41-03

February 25, 2004

---

Before KRUSE, Chief Justice, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Harvey L. Kincaid, Assistant Attorney General
For Defendant, Andrew T. Stave, Assistant Public Defender

ORDER DENYING MOTION TO DEPOSE

On February 6, 2004, the American Samoa Government moved for an order allowing the deposition of Tagata Uli, a government witness, to be taken in Savai`i, Samoa pursuant to T.C.R.Cr.P. 15(a). All counsel and Defendant Marlon Uli ("Uli") were present at the February 13, 2004 hearing on this matter. The motion was continued until Friday, February 20, 2004, at which time counsel for the government was to propose how the deposition would comply with T.C.R.Cr.P. 15(b) and was to present additional logistical information regarding the deposition to the Court, which would allow us to make an informed decision regarding whether an order allowing the deposition would be futile. All counsel and Defendant were present at the February 20, 2004 hearing. For the reasons stated below, we deny the government's motion to depose

Tagata Uli.

■ We note at the outset that "depositions are not favored in criminal cases." *See* 2 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 242 (West 2000). We also note that "because of the absence of procedural protections . . . foreign depositions are suspect and, consequently, not favored." *U.S. v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993). However, according to T.C.R.Cr.P. 15(a), a deposition may be allowed in a criminal case if the moving party demonstrates "exceptional circumstances" that justify its taking. T.C.R.Cr.P. 15(a); *Drogoul*, 1 F.3d at 1552.

> [O]rdinarily, exceptional circumstances exist within the meaning of Rule 15(a) when the prospective deponent is unavailable for trial and the absence of his or her testimony would result in an injustice. The principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case.

*Drogoul*, 1 F.3d at 1552. The government has met these factors by sufficiently demonstrating that Tagata Uli's testimony is material and that he will probably be unavailable at trial.

■ However, while we understand that at this time the government's motion is concerned with preserving Tagata Uli's testimony and not necessarily admitting it at trial, as we indicated in our February 13, 2004 Order continuing the motion, "[t]he court need not, at the cost of time and money, engage in an act of futility by authorizing depositions that clearly will be inadmissible at trial." *See Drogoul*, 1 F.3d at 1555. Accordingly, we directed the government to provide us with more information about the logistics of the deposition and how it purports to comply with T.C.R.Cr.P. 15(b). Because the government has provided us with little or no information regarding how the deposition is to be conducted in Samoa, we are not inclined to order Tagata Uli's deposition until we receive further information from the government.

■ T.C.R.Cr.P. 15(b) allows the criminal defendant to be present during the deposition, even when he is in custody. However, when the deposition is taken in a foreign nation and the defendant is not able to attend the deposition because he is in custody, other accommodations are made in an attempt to satisfy the requirements of the Confrontation Clause. *See* REV. CONST. OF AM. SAMOA ART. 1, § 6; 2 FEDERAL PRACTICE AND PROCEDURE § 244; *U.S. v. Korolkov*, 870 F. Supp. 60, 65 (S.D.N.Y. 1994). In this regard, Uli requested that the deposition be videotaped. The government agreed to this request. Uli also requested access to his attorney via a telephone line during the deposition. The

government was unwilling to cooperate with this request, claiming it was unnecessary. We fail to comprehend the government's unwillingness to make accommodations for Uli that would provide some minimum safeguards of his constitutional rights. The government does not claim that the laws of Samoa preclude these safeguards. If the government is able to videotape the deposition, it also should be able to set up live monitoring and a separate phone line on which Uli can access his attorney during the deposition. *See U.S. v. Gifford*, 892 F.2d 263, 264-65 (3d Cir. 1989) (deposition did not violate defendant's due process when it was videotaped, defendant was able to listen through a phone line, and defendant was able to confer with his attorney through another private phone line); *Korolkov*, 870 F. Supp. at 65 (allowing deposition in which government proposed to videotape deposition and allow defendant to monitor by telephone). It is our concern that unless the government is willing to make some allowances to protect Uli's rights, ordering this deposition will be an exercise in futility.

■ Furthermore, the government has not provided us with any information about how depositions are conducted in Samoa. We need some assurance that the deposition would comply with the laws of Samoa and that the laws of Samoa providing for depositions are not repugnant to our own.

### Order

The government's motion to depose Tagata Uli is at this time denied. We are prepared to reconsider this order provided the government agrees to furnish Marlon Uli with access to his attorney via a private telephone line during the deposition and also agrees to allow Marlon Uli to monitor the deposition via telephone. In addition, we need some information from the government describing Samoa's procedures for taking depositions, and that such procedures are not inconsistent with our notions of due process.

It is so ordered.